# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 3:15cr00164 |
| ) | JUDGE TRAUGER |
| **JOHN HOWARD,** ) | |
| ) | |
| **Defendant.** ) | |

### AGREED AMENDED ORDER OF FORFEITURE CONSISTING OF A $1,405,876.07 MONEY JUDGMENT AS TO COUNT ONE $57,100.00 MONEY JUDGMENT AS TO COUNT TWO and a $10,500.00 MONEY JUDGMENT AS TO COUNT THREE

Based on the representations and agreements of the Government and Defendant John Howard, the Court finds as follows:

**WHEREAS**, On September 25, 2015, the Government filed a three count Information charging Defendant John Howard with violations of the following:

1. Count One, 18 U.S.C. § 1349 (conspiracy to commit wire fraud);

2. Count Two, 18 U.S.C. § 666(a)(1)(B) (solicitation of a bribe from a government agency receiving federal assistance); and

3. Count Three, 18 U.S.C. 18 U.S.C. § 1957 (money laundering/financial transaction in criminally derived property over $10,000);

**WHEREAS,** the forfeiture allegation of the Information gave notice to Defendant that, upon conviction of Count One and Two he would be required to forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to each violation, including but not limited to a money judgment in an amount to be determined, said amount representing the amount of proceeds obtained as a result of such offenses;

**WHEREAS**, the forfeiture allegation of the Information also gave notice to Defendant that, upon conviction of Count Three, he would be required to forfeit any property, real or personal, involved in such offense, or any property traceable to such property including but not limited to a money judgment in an amount to be determined, said amount representing the amount of property involved in such offense or any property traceable to such property.

**WHEREAS,** the forfeiture allegation of the Information also gave notice to Defendant that in the event that any of the property sought for forfeiture, as a result of any act or omission of Defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred or sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of any other property of defendant JOHN HOWARD up to the value of the property listed above as being subject to forfeiture;

**WHEREAS**, Defendant has entered into a Plea Agreement with the United States wherein he pled guilty to Counts One, Two and Three of the Information;

**WHEREAS,** Defendant acknowledges in his Plea Agreement that the proceeds of his crimes in Counts One and Two are subject to forfeiture because these funds were obtained directly or indirectly as a result of the offenses of conviction as set forth in the Information;

**WHEREAS**, Defendant acknowledges in his Plea Agreement that any property, real or personal, involved in Count Three, or any property traceable to such property are subject to

2

forfeiture because these funds were obtained directly or indirectly as a result of the offense of conviction as set forth in the Information;

**WHEREAS**, the Court has found that the amount of the loss attributable to the conspiracy charged in Count One is $1,405,876.07 United States currency;

**WHERAS**, the proceeds traceable to a violation of Count Two is $57,100.00 United States currency;

**WHEREAS**, the property involved in or traceable to a violation of Count Three is $10,500 United States currency;

**WHEREAS,** Defendant, via his Plea Agreement, acknowledges that as a result of his own act(s) or omission(s), the proceeds of his crimes of conviction, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p) the United States is entitled to forfeiture of substitute property;

**WHEREAS,** the United States is authorized to engage in discovery to locate substitute assets of the Defendant; and

**WHEREAS** the Order of Forfeiture entered by the Court on April 12, 2016 (Docket Entry 42) specifically provided that the Court would retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

Now, therefore, based upon the signed Plea Agreement, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of the violation charged at Count One, to which the Defendant has pled guilty are $1,405,876.07 United States currency;

2. There is a preponderance of the evidence that the proceeds of the violation charged at Count Two, to which the Defendant has pled guilty are $57,100.00 United States currency;

3. There is a preponderance of the evidence that the property involved in the violation charged in Count Three, or any property traceable to such property, to which the Defendant has pled guilty are $10,500.00 United States currency;

4. $1,405,876.07 United States currency and $57,100 United States currency are subject to forfeiture because these funds were obtained directly or indirectly as a result of the offenses of conviction charged respectively in Counts One and Two of the Information, and which constitutes or is derived from proceeds traceable to each violation.

5. $10,500.00 United States currency is subject to forfeiture because the funds were obtained directly or indirectly as a result of the offenses of conviction charged at Count Three of the Information, which represents property involved in, or property traceable to the violation.

6. As a result of Defendant's act(s) or omission(s), the $1,405,876.07, the $57,100.00 and the $10,500.00 in proceeds obtained as a result of the violation charged in Counts One, Two and Three, respectively to which Defendant has pled guilty, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p) entitled to forfeiture of

substitute property up to $1,405,876.07 as to Count One, $57,100 as to Count Two and $10,500 as to Count Three, with a total of all the forfeitures not to exceed $1,405,876.07.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

  A. The Order of Forfeiture entered by the Court on April 12, 2016 (Docket Entry 25) is hereby vacated so that this Amended Order of Forfeiture can enter.

  B. An Order of Forfeiture Consisting of Money Judgments in the amount of $1,405,876.07 United States currency, $57,100.00 United States currency and $10,500.00 United States currency is hereby taken against Defendant, respectively as to Counts One, Two and Three. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of Money Judgments shall become immediately final as to the defendant, by his consent, and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

  C. The United States may engage in discovery, without further application to the Court, in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $$1,405,876.07 United States currency as to Count One, $57,100.00 United States currency as to Count Two and $10,500.00 United States currency as to Count Three as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 *et seq.*, and in the manner authorized by 21 U.S.C. § 853(m), and the Federal Rules of Criminal Procedure, Rule 15 and 32.2(b)(3), to facilitate the identification and location of property declared forfeited and to facilitate the disposition of petitions for remission or mitigation.

D. The United States Probation and Pretrial Services will provide the Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery.

E. The Internal Revenue Service will provide the Defendant's Tax Returns for the years 2012 through 2016 to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

F. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of $1,405,876.07 United States currency Money Judgment as to Count One, $57,100.00 United States currency Money Judgment as to Count Two and $10,500.00 United States currency Money Judgment as to Count Three to include substitute property having a value not to exceed in total $1,405,876.07 United States currency as to Count One, $57,100.00 United States currency as to Count Two and $10,500.00 United States currency as to Count Three to satisfy the Money Judgments in whole or in part.

G. Upon payment of any Money Judgment in full, the United States shall file a satisfaction of judgment as to said money judgment with the District Court and the appropriate clerk of the county in which any transcript or abstracts of the judgments have been filed.

H. Upon payment toward any Money Judgment, payment will be credited against each Money Judgment, and each Money Judgment will be reduced accordingly.

I. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $1,405,876.07 United States currency as to Count One, $57,100.00 United States currency as to Count Two and $10,500.00 United States currency as to Count Three plus statutory interest is made in full.

J.      The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this 27th  day of  April    , 2016.

_____
Judge Aleta Trauger
United States District Judge